OTIS JAMES BROOKS BEY,

     Plaintiff,

                                           Case Nos.:     08-CV-14112-DT

v.                                                  08-CV-14114-DT

                                        HONORABLE DENISE PAGE HOOD

STATE OF MICHIGAN, CITY OF DEARBORN
HEIGHTS, 20TH DISTRICT COURT, JUDGE DAVID
D. TURFE, GARY T. MOITKE, ROBERT POSHADLO,
JUDGE JULIE H. REINCKE, COUNTY OF EATON,
and 56-A DISTRICT COURT,

     Defendants.

_____/

## MEMORANDUM OPINION AND ORDER
## DISMISSING CASE NO. 08-CV-14114-DT AS A DUPLICATE CASE
## AND
## DISMISSING CASE NO. 08-14112-DT

## I.      BACKGROUND/FACTS

     On September 25, 2008, Plaintiff Otis James Brooks Bey filed a Complaint, entitled "Writ

of, Violation of Rights, Under Color of Law," against several Defendants in Case No. 08-CV-14112-

DT, along with an Application to Proceed In Forma Pauperis. On September 30, 2008, Plaintiff

submitted the filing fee, rendering the Application to Proceed In Forma Pauperis moot. Plaintiff

submitted 126 pages of documents.

     A second case was filed by Plaintiff on September 25, 2008, entitled "Writ of Verified

Removal," Case No. 08-CV-14114-DT, along with an Application to Proceed In Forma Pauperis.

On October 7, 2008, Plaintiff filed a Motion to Combine, stating that he intended for the two cases

to be filed as one case and that the cases were broken into two cases without his knowledge or

consent. After review of the documents filed in both case numbers, the Court finds that the "Writ of Verified Removal" filed in Case No. 08-CV-14114-DT is also filed in Case No. 08-CV-14112-DT. It appears that the Clerk's Office inadvertently opened a second case on behalf of Plaintiff. Accordingly, the Court dismisses Case No. 08-CV-14114-DT because it is a duplicate case to 08-CV-14112-DT, rendering the Application to Proceed In Forma Pauperis and the Motion to Combine moot filed in Case No. 08-CV-14114-DT.

## II.    ANALYSIS

### A.    Removal

Plaintiff paid the requisite filing fee in Case No. 08-CV-14112-DT. Plaintiff's Complaint is therefore not subject to *sua sponte* dismissal under 28 U.S.C. § 1915(a). *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999). In cases in which a filing fee has been paid, a court may not generally *sua sponte* dismiss the complaint unless it gives the plaintiff notice and an opportunity to amend the complaint. *Tingler v. Marshall,* 716 F.2d 1109, 1111-12 (6th Cir. 1983). However, a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999).

In his "Writ of, Violation of Rights, Under Color of Law," Plaintiff alleges that this case involves three different cases before the state courts. The first is a case before the 20th District Court, Dearborn Heights, Michigan, Case No. F242327/C126713. The second is from the Third Circuit Court, Wayne County, Michigan, Case No. 08-113538. The third is before the 56A Judicial District Court, Charlotte, Michigan, Case No. 08-1565.

The 20th District Court (a named defendant) case involves a speeding traffic ticket citation

2

issued by Officer Robert Poshadlo (a named defendant) on November 21, 2007. Plaintiff filed a motion to dismiss for lack of jurisdiction. The case was tried on June 12, 2008 before the Honorable David D. Turfe (a named defendant). Judge Turfe found against Plaintiff. Plaintiff was fined $100.00 for the violation. (Writ of, Violation of Rights, Under Color of Law, p. 2) There is no indication that Plaintiff appealed the 20th District Court ruling. Plaintiff claims the 20th District Court had no jurisdiction over Plaintiff in this case.

The Third Circuit case is a civil case filed by Attorney Gary T. Moitke (a named defendant) on behalf of the City of Dearborn Heights (a named defendant) and Robert Poshadlo against Plaintiff seeking a declaration that the UCC Financing Statement filed by Plaintiff against Mr. Poshadlo before the Michigan Department of State is ineffective and that neither the City of Dearborn Heights nor Mr. Poshadlo are indebted to Plaintiff. Plaintiff seeks dismissal of the Third Circuit case or a change of venue before this Court. (Writ of, Violation of Rights, Under Color of Law, pp. 2, 6)

The 56A District Court (a named defendant) case involves a felony charge against Plaintiff for filing a false and fraudulent judgment against Mr. Poshadlo. Plaintiff claims he was kidnapped by detectives from the State of Michigan (a named defendant), the City of Dearborn Heights and the Michigan Inc. Police Department on September 18, 2008. On September 19, 2008, Plaintiff was taken before the Honorable Julie H. Reincke (a named defendant) in Charlotte, Michigan, to face the felony charges against him. Plaintiff claims he was kidnapped for a total of 22.5 hours, was "extorted," intimidated, and falsely arrested. Plaintiff seeks dismissal of the felony charge of filing a false and fraudulent UCC Judgment against Mr. Poshadlo or a change of venue before this Court. (Writ of, Violation of Rights Under Color of Law, pp. 5-6)

Plaintiff claims he is a Free and Sovereign Moor of the Sahitaw Empire and that none of the state courts have jurisdiction over Plaintiff. (Writ of, Violation of Rights Under Color of Law, pp.

3

7-8)  Plaintiff cites numerous cases and submits various documents to support his claim.

The Court must liberally construe Plaintiff's pleadings since he is proceeding *pro se,* although he notes that he is an attorney.  Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519 (1972).

In the "Origin" portion of the Civil Cover Sheet submitted by Plaintiff, he marked "Removed from State Court."  However, the Clerk's Office docketed the initial pleading filed by Plaintiff a "Complaint."  Plaintiff indicates on the Civil Cover Sheet that the basis of jurisdiction is diversity, although he claims various violation of rights under color of law in his Writ of, Violation of Rights, Under Color of Law.

Generally, when a complaint is removed from state court, a defendant files a "Notice of Removal" and attaches the complaint filed with the state court, along with "a copy of all process, pleadings, and orders served upon such defendant" in the state court action.  28 U.S.C. § 1446(a).  The general practice in this Court is that a defendant who seeks to remove a case from a state court files a document entitled a "Notice of Removal" with the Clerk's Office and attaches the complaint filed in the State Court as an exhibit to the Notice of Removal.  Along with the "Writ of, Violation of Rights, Under Color of Law," Plaintiff submitted a "Writ of Verified Removal" for the Third Circuit case and a "Writ of Verified Removal" for the 56A District Court case.  (Case No. 08-CV-14112-DT, Doc. No. 1, pp. 16-23)

Addressing the removal issue, the Court finds that if Plaintiff's intent was to remove the cases before the Third Circuit and the 56A District Courts, the removal was improper since Plaintiff attempted to remove two cases before two different courts in one case number and failed to properly follow the procedures regarding removing actions from the state courts to the federal district court.  *See* 28 U.S.C. §§ 1441, 1446.  Even if Plaintiff properly filed a Notice of Removal, for the reasons

4

set forth below, the cases are not removable.

Liberally construing the documents submitted by Plaintiff, it appears Plaintiff is citing various federal constitutional laws as a defense. The issue before this Court is whether a federal law defense is a basis for removal from state court based on the federal court's federal question jurisdiction.

The district court generally has original jurisdiction in three situations: (1) when the case involves a federal question, 28 U.S.C. § 1331; (2) when there is diversity of citizenship between the parties, plus any amount in controversy is over $75,000, 28 U.S.C. § 1332; and (3) when the United States is a party , 28 U.S.C. §§ 1345, 1346. 28 U.S.C. § 1441(a) provides for removal of actions filed in state court to a district court if the district court has original jurisdiction over the cause of action. If the existence of subject matter jurisdiction generally is at issue, it is a question of law for the court to decide. *Greater Detroit Resource Author. v. United States*, 916 F.2d 317, 319 (6th Cir. 1990). When jurisdiction is disputed, the removing party has the burden of proving that the federal district court has jurisdiction. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). This burden is a difficult one to overcome; removal statutes are "strictly construed," and any ambiguities "must be resolved in favor of the non-removing party." *Id.* "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court <u>shall</u> dismiss or remand the action, either by a party's motion or the court's own motion." Fed. R. Civ. P. 12(h)(3); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737 (1976).

The inquiry into whether a party may remove to federal court is "guided by the well-pleaded complaint rule, which states that 'federal jurisdiction exists only when a federal question is presented on the plaintiff's properly pleaded complaint.'" *Strong v. Telectronics Pacing Sys., Inc.* 78 F.3d 256, 259 (6th Cir. 1996), citing *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). "As a

general rule, removability is determined by the pleadings <u>filed by the plaintiff</u>." *Union Planters Nat'l Bank v. CBS, Inc*., 557 F.2d 84, 89 (6th Cir. 1977) (emphasis added); *see also Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 334 (6th Cir.1989) ("[R]emoval can only be based on a theory advanced by the plaintiff.") The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar,* 482 U.S. at 392; *see also Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974) (stating to secure federal subject matter jurisdiction, the federal question "must be disclosed upon the face of the complaint, unaided by the answer."). A federal defense does not create federal question jurisdiction. *Kerr-McGee Chemical Corp.,* 459 U.S. at 1049. "'[T]he question whether a party claims a right under the constitution or laws of the United States is to be ascertained by the legal construction of its own allegations, and not by the effect attributed to those allegations by the adverse party.'" *State of Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 460 (1894)(citations omitted). "A defendant cannot create removal jurisdiction merely by raising a federal question as a defense." *Her Majesty the Queen,* 874 F.2d at 344; *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979).

The Third Circuit complaint is a civil action seeking a declaratory judgment against Plaintiff, a defendant in that case, pursuant to MCL 440.9501(7) and MCR 3.310. Nothing in the Third Circuit complaint alleges a federal claim. Plaintiff cannot create removal jurisdiction by raising a federal defense. The Court has no subject matter jurisdiction over the Third Circuit complaint.

The 56A Judicial District Court case is based on a felony criminal charge against Plaintiff of filing a false and fraudulent judgment against Mr. Poshadlo . Nothing in the 56A Judicial District Court case alleges any federal crime. In any event, the 56A Judicial District Court is located in Eaton County, which is under the jurisdiction of the District Court for the Western District of

Michigan. *See,* 28 U.S.C. § 102. The Court has no subject matter jurisdiction over the 56A Judicial District criminal case against Plaintiff.

Based on the above, even if the procedures for removal were properly followed, the Court lacks subject matter jurisdiction over the Third Circuit civil complaint and the 56A Judicial District criminal case.

### B.    Dismissal

Construing Plaintiff's filings as an originally filed Complaint before this federal district court, the case must be dismissed because the allegations of the Complaint are implausible, frivolous and devoid of merit. The Court notes that Plaintiff does not allege any constitutional claim brought under 42 U.S.C. § 1983. Even if Plaintiff properly alleged a constitutional claim under 42 U.S.C. § 1983, Plaintiff fails to allege any factual allegations to support any constitutional violation.

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001). To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated. *See Patrick v. Laskaris*, 25 F. Supp. 2d 432, 433 (S.D.N.Y. 1998).

Because Plaintiff does not allege that his conviction in the 20th District Court for speeding has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to this case fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001). A traffic citation conviction is considered a criminal conviction for purposes of an analysis under *Heck. See Gorenc v. City of Westland,* 2003 WL 2178261 (6th Cir. Jul. 31, 2003) (unpublished).

The Court notes that the "Writ of, Violation of Rights, Under Color of Law," considered by the Court as Plaintiff's Complaint, does not allege a 42 U.S.C. § 1983 claim and does not allege any constitutional violations, other than claiming that the state courts do not have jurisdiction over Plaintiff. Plaintiff's "Writ of, Violation of Rights, Under Color of Law" and the two "Writ of Verified Removal" seeking to remove the Third Circuit civil case and the 56A Judicial District Court criminal case, all fail to state a 42 U.S.C. § 1983 claim, or any other claim based on any federal statute or law. The case must be dismissed for failure to state a claim upon which relief may be granted and because the Complaint is frivolous and devoid of any merit.

## III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that **Case No. 08-CV-14114-DT is DISMISSED** as a duplicate of Case No. 08-14112-DT.

IT IS FURTHER ORDERED that the Application to Proceed In Forma Pauperis **(Case No. 08-CV-14114-DT, Doc. No. 2, 9/25/2008)** is MOOT.

IT IS FURTHER ORDERED that the Motion to Combine **(Case No. 08-CV-14114-DT, Doc. No. 3, 10/07/2008)** is MOOT.

IT IS FURTHER ORDERED that **Case No. 08-CV-14112-DT is DISMISSED** as an improper removal, as frivolous and devoid of any merit.

IT IS FURTHER ORDERED that the Application to Proceed In Forma Pauperis (**Case No. 08-CV-14112-DT, Doc. No. 2, 9/25/2008**) is MOOT, the Plaintiff having paid the filing fee on September 30, 2008.



S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 31, 2008

      I hereby certify that a copy of the foregoing document was served upon counsel of record and Otis James Brooks Bey, 9983 Lucerne Rd., P. O. Box 401526, Redford, MI 48239 on October 31, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager